# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| AMY NEWPORT, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>CVS HEALTH CORPORATION, CVS PHARMACY, INC., and DOES 1 through 10,<br><br>Defendants. | No. 4:24-cv-00252<br><br>**NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant CVS PHARMACY, INC. (collectively "CVS") hereby removes the above-captioned action from the Circuit Court for St. Louis, Missouri (where this action bore the case number 24SL-CC00165) to the United States District Court for the Eastern District of Missouri. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(d), 1441, and 1453.

## PROCEDURAL HISTORY

1. On January 10, 2024, Amy Newport filed the removed case *Newport v. CVS Health Corporation, et al.*, Case No. 24SL-CC00165, in the Circuit Court for St. Louis County, Missouri, which is within the jurisdiction and venue of the United States District Court for the Eastern District of Missouri, Eastern Division. A true and correct copy of the Petition is attached as **Exhibit 1**. Attached as **Exhibit 2** is a true and correct copy of the Summons that issued.

2. Exhibits 1 and 2 constitute all the process, pleadings, and orders that have been served upon CVS in connection with Case No. 24SL-CC00165, in the Circuit Court for St. Louis

County, Missouri. No other documents are on file in the state court as of the date of this removal notice. *See* Local Rule 2.03.

3.   A true and correct copy of the state court docket in Case No. 24SL-CC00165 is attached as **Exhibit 3**, as Local Rule 2.03 requires.

## BACKGROUND

4.   Plaintiff is Amy Newport, who alleges she is a citizen and resident of Missouri. Ex. 1, ¶ 7.

5.   Plaintiff alleges Defendant CVS Pharmacy, Inc., is a citizen of Rhode Island and Delaware. *Id.* ¶¶ 9, 10. CVS does not dispute Plaintiff's allegation and so CVS Pharmacy, Inc., should be considered a citizen of Rhode Island and Delaware for purposes of diversity jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities).

6.   Plaintiff alleges CVS improperly advertises certain over-the-counter "CVS Health" branded cough medicine as "Non-Drowsy." Ex. 1, ¶ 1. In particular, Plaintiff brings claims related to her and other Missouri residents' purchases of "Up & Up" products that contain dextromethorphan hydrobromide ("DXM") and have been marketed as Non-Drowsy (the "Products"). *Id.* ¶¶ 2–3. According to Plaintiff, it is misleading for CVS to advertise the Products as Non-Drowsy because DXM is "scientifically proven to cause drowsiness." *Id.* ¶ 1.

7.   Plaintiff has brought claims against CVS for (i) breach of warranty under Missouri law, (ii) breach of implied contract under Missouri law, (iii) unjust enrichment under Missouri law, and (iv) violation of the Missouri Merchandising Practices Act ("MMPA") & other consumer protection laws. *Id.* ¶¶ 79-119.

8. Plaintiff also asserts claims on behalf of herself and a punitive class of "all persons who purchased the Products during the class period while in one of the specific states having consumer protection statutes materially identical to the MMPA: Illinois, Maryland, Hawaii, New York, Washington D.C., Rhode Island, Vermont, Washington, and Connecticut . . . In addition, and/or alternatively, . . . [a]ll persons, who, within the Class Period, purchased the Products in the State of Missouri," meaning all persons who purchased the Products from January 10, 2019 to January 10, 2024. *Id.* ¶ 15.

9. In her Petition, Plaintiff requests compensatory damages, restitution, punitive damages, attorney's fees, and injunctive relief. *Id.* at p. 20.

## VENUE

10. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing St. Louis, Missouri, the location where the state court case was pending.

## NOTICE OF REMOVAL IS TIMELY

11. Plaintiff served the Petition on Target on January 18, 2024.

12. Removal is timely under 28 U.S.C. §§ 1446(b) because this notice of removal was filed on February 15, 2024, which is within 30 days of service of the Petition.

## BASIS FOR REMOVAL

13. Under the provisions of 28 U.S.C. § 1332, this Court would have original jurisdiction over this case and therefore, this case may be removed to this Court under the provisions of 28 U.S.C. §§1441 and 1446.

14. Pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), "[t]he district courts shall have original jurisdiction of any civil action where the matter in controversy

-3-

exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which— (a) Any member of a class of plaintiffs is a citizen of a State different from any defendant . . ." CVS also invokes all other grounds for removal that exist under applicable law. The action therefore is removable to this Court under both 28 U.S.C. § 1441 and § 1453.

15. Under CAFA, federal jurisdiction exists over class actions where (i) minimal diversity exists (i.e. where at least one member of a putative class of plaintiffs is a citizen of a State from at least one defendant), 28 U.S.C. § 1332(d)(2)(A); (ii) there are at least 100 punitive class members, *id.* § 1332(d)(5)(B); and (iii) there exists an amount in controversy of at least $5 million, exclusive of interest and costs, *id.* § 1332(d)(6). This action satisfies CAFA's requirements.

16. This case qualifies as a "class action" under CAFA. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff alleges that the case is an "asserted class action" that "comports with Missouri Supreme Court Rule 52.08." Ex. 1, ¶ 14. Missouri Supreme Court Rule 52.08 is titled "Class Actions" and is like Federal Rule of Civil Procedure 23. *Compare* Mo. Sup. Ct. R. 52.08 *with* Fed. R. Civ. P. 23.

17. The minimal diversity requirement is met here. *See* Ex. 1, ¶ 7 ("Plaintiff Amy Newport is a citizen and resident of St. Louis County, Missouri"); *see also id.* ¶¶ 9, 10 (alleging both Defendant CVS Pharmacy, Inc. is a Rhode Island and Delaware corporation with principal places of business in Rhode Island).

18. CAFA's numerosity requirement is satisfied as well. Plaintiff has alleged claims on behalf of a punitive class of "all persons who purchased the Products during the class period while in one of the specific states having consumer protection statutes materially identical to the

MMPA: Illinois, Maryland, Hawaii, New York, Washington D.C., Rhode Island, Vermont, Washington, and Connecticut . . . In addition, and/or alternatively, . . . [a]ll persons, who, within the Class Period, purchased the Products in the State of Missouri," meaning all persons who purchased the Products between January 10, 2019 to January 10, 2024. Ex. 1, ¶ 15. Plaintiff alleges that the class "includes thousands of individuals on a statewide basis." *Id.* ¶ 16. Thus, the proposed class exceeds 100 people.

19.     CAFA's amount-in-controversy requirement is met as well.  To determine the amount in controversy, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).  To calculate that amount, the district court must "add[] up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).  When making this calculation, the Court should determine whether a factfinder "might" conclude, based on the allegations in the operative pleading, that the damages are over $5 million.  *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019) (where "notice of removal plausibly alleges that the class might recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much" (internal marks omitted)); *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) ("[W]hen determining the amount in controversy, the question is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." (internal marks omitted).

20.     The notice of removal needs to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v.*

-5-

*Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

21. Here, the amount in controversy exceeds $5 million.

22. Plaintiff claims that if she "had been aware of the falsity and misleading nature of Defendant's claims regarding the Product," then she "would not have bought the Product." Ex. 1, ¶¶ 69-71. Such allegations put the full purchase price of the products in controversy. S*ee Raskas*, 719 F.3d at 887 (holding the total charges for the medications sold were sufficient to meet the jurisdictional minimum); *see also Spivey v. Vertrue, Inc.*, 528 F.3d 982, 985-86 (7th Cir. 2008) (total charges were sufficient because Plaintiffs' claim put into controversy the propriety of all of the charges); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400-02 (9th Cir. 2010) (amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of the liability). Plaintiff also seeks "institution of a constructive trust disgorging all profits, benefits, and other compensation obtained by Defendant through this inequitable conduct." Ex. 1, ¶ 106. Plaintiff seeks that remedy on behalf of a class of purchasers of Products from January 10, 2019 to January 10, 2024 across 10 states. *Id.* ¶¶ 1, 15. During Plaintiff's claimed time period, CVS sold more than $5 million dollars in product in the 10 states. *See Pirozzi*, 938 F.3d at 984 (so long as "notice of removal plausibly alleges that the class *might* recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, then the case belongs in federal court") (emphasis in original).

23. In addition, Plaintiff seeks injunctive relief. When measuring the value of injunctive relief for CAFA jurisdictional purposes, courts in this Circuit have considered the cost to a defendant of complying with an injunction in determining the amount in controversy. *See*

*Adams v. Am. Fam. Mut. Ins. Co.*, 981 F. Supp. 2d 837, 849–51 (S.D. Iowa 2013) (holding "costs incurred by a defendant in complying with an injunction of declaratory judgment, including the 'gap' between the parties' calculations of benefits owed, constitute appropriate considerations in determining the amount in controversy"); *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 930–31 (E.D. Ark. 2008) (calculating "the value of the object of the litigation from the vantage point of the defendant"). Here, the injunctive relief sought appears to include corrective changes to the packaging of the Products. *See* Ex. 1, ¶ 77 (alleging that Plaintiff "faces an imminent threat of harm because he will not be able to rely on Defendant's labels in the future (without relief)"). Changing the packaging could require CVS to (1) recall the Products from stores; (2) destroy all of the Products' packaging; (3) redesign that packaging; (4) redesign any advertising that incorporates the current packaging; and (5) re-ship the Products to stores with the new packaging. To ensure compliance with such injunctive relief, CVS would need to change its packaging nationwide. On information and belief, this process alone would cost millions. *Cf. Fefferman v. Dr. Pepper Snapple Grp., Inc.*, 2013 WL 12114486, at *3 (S.D. Cal. Mar. 12, 2013) (estimating that "the corrective advertisement campaign would cost Defendants approximately $4,985,000," including the costs of unused packaging and reclaiming unsold products from retailers).

24.   Plaintiff's petition seeks reasonable attorney's fees, which she claims are available under the MMPA. *See* Ex. 1 at 20; Mo. Rev. Stat. § 407.025.1.2(2). Those attorney's fees may be included as part of the amount-in-controversy calculation. *See Pirozzi*, 938 F.3d at 984; *see also Faltermeier v. FCA US LLC*, 899 F.3d 617, 621–22 (8th Cir. 2018) (affirming trial court finding that where compensatory damages might total $3.6 million, a fee award of $1.4 million was at least possible).

25. Taken together, the compensatory relief, injunctive relief, and attorneys' fees easily satisfy CAFA's amount-in-controversy requirement. *See Pirozzi*, 938 F.3d at 984 (standard is what plaintiff "might" recover).

26. CVS therefore has met the requirements to show that CAFA jurisdiction exists, making removal to this Court proper.

27. Although CAFA contains several exceptions to jurisdiction, "[t]he party seeking remand bears the burden of proof for a CAFA exception." *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 265 (8th Cir. 2015); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) ("Once CAFA's initial jurisdictional requirements have been established . . . the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies.").

28. Since Defendant CVS Pharmacy, Inc. is a Rhode Island and Delaware corporation with principal places of business in Rhode Island, neither the home-state exception nor the local-controversy exception would apply. 28 U.S.C. § 1332(d)(4)(A)(i)(II); 28 U.S.C. § 1332(d)(3).

**NOTICE TO ADVERSE PARTY AND STATE COURT**

29. Pursuant to 28 U.S.C. § 1446(d), CVS served written notice of removal of this case on Plaintiff's counsel by first-class mail and email:

> Daniel F. Harvath, #57599MO
> **HARVATH LAW GROUP, LLC**
> 75 W. Lockwood, Suite #1
> Webster Groves, MO 63119
> dharvath@harvathlawgroup.com

-8-

30. Pursuant to 28 U.S.C. § 1446(d) and Local Rule 2.03, CVS will promptly provide notice of this removal filing to the Clerk of the Circuit Court for St. Louis County, Missouri, and of service on all adverse parties.

## CONCLUSION

31. The recitation of Plaintiff's allegations in this Notice is not a concession that Plaintiff's allegations or legal theories have merit. CVS reserves the right to assert all applicable defenses and denies that Plaintiff or any member of the putative class is entitled to any relief.

32. CVS hereby removes the above-captioned action.

Respectfully submitted,

Dated: February 15, 2024

SHOOK, HARDY & BACON L.L.P.

By: */s/ M. Kevin Underhill*
M. Kevin Underhill (MO #44582/CA #208211)
Michael F. Healy (*Pro Hac Vice* to be sought)
555 Mission Street, Suite 2300
San Francisco, CA 94105

Attorneys for Defendant
CVS PHARMACY, INC.

Dated: February 15, 2024

FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/ Emily M. Weissenberger*
Emily Weissenberger (*Pro Hac Vice* to be sought)
4 Embarcadero Center, 27th Floor
San Francisco, CA 94111

Attorneys for Defendant CVS PHARMACY, INC.

US.362262298.01